UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL JEROME LEWIS,

        Plaintiff,

v.                                                                     Case No. 3:25-cv-1517-JEP-PDB

CAPTAIN CUMACHO, et al.,

        Defendants.

_____

**<u>ORDER</u>**

Plaintiff Samuel Jerome Lewis, an inmate of the Florida Department of Corrections ("**FDOC**"), is proceeding on a pro se Complaint for Violation of Civil Rights ("**Complaint**," Doc. 1), a Motion to Amend the Complaint ("**Motion to Amend**," Doc. 3), and a Motion to Update Address, Amend Two Names, and File Under Seal ("**Miscellaneous Motion**," Doc. 5). Because Plaintiff may amend his pleading once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), the operative pleading in this case is the proposed amended complaint ("**Amended Complaint**," Doc. 3-1) attached to Plaintiff's Motion to Amend (Doc. 3), which the Court grants.

In the Amended Complaint, Plaintiff names the following individuals as Defendants in their individual and official capacities: (1) Captain Cumacho; (2) Captain Minnich; (3) Sergeant J. Trowell; (4) Officer J. Reyes; (5) Officer D.

Martin; (6) Officer A. Ross; (7) Officer Z. Blanton; (8) Officer G. Hannon; (9) Officer B. Meads; (10) Officer A.M. Knuckles; (11) Mrs. Reed (kitchen staff – Aramark); (12) Mr. Roslyn (kitchen staff – Aramark); (13) Officer C. Daugthry; (14) Officer K. Mathis; (15) Officer R. Stevens; (16) Officer M. Norris; (17) Officer G. Harris; (18) Officer W. Butler; and (19) Officer T. Anderson. (Doc. 3-1 at 2–4). Plaintiff appears to allege claims of deliberate indifference based on Defendants' failure to provide him with proper diet during his incarceration at Columbia Correctional Institution Annex ("**Columbia Annex**"). (*Id.* at 4–6). Plaintiff asserts that although Defendants[1] knew about his allergy to soy, they continued to serve him regular food from the master menu, albeit "with a no soy sticker on the tray," every day since August 12, 2025. (*Id.* at 4–6, 8–9).

Plaintiff alleges that because of the improper diet, he was diagnosed with gastrointestinal problems, blood in the stool and in the esophagus from acid reflux, internal hemorrhoids, and a large hiatal hernia pressing on his abdomen. (*Id.* at 6, 9). Additionally, he was "diagnosed with MSRA from food intoxication" and had a "secondary surgery" for the removal of "1.5 cm ventral penile mass, a pearl encapsulated inflammatory tissue" infected with MRSA. (*Id.* at 5–6, 9). Plaintiff alleges he is awaiting the "primary surgery"—a LINX

---

[1] Plaintiff alleges he informed all correctional officers, medical staff, and kitchen staff at Columbia Annex about his food allergy. (Doc. 3-1 at 11).

procedure for gastroesophageal reflux disease. (*Id.* at 6, 9). As relief, he seeks compensatory and punitive damages, and injunctive and declaratory relief. (*Id.* at 6).

The Prison Litigation Reform Act requires the Court to dismiss an action at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), and, therefore, courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to

"naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). The factual allegations in a complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). All reasonable inferences should be drawn in favor of the plaintiff. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). While "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). Further, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cnty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014)[2] (quotations and

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022).

citation omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678, 680.

In assessing a pro se party's pleadings, the court must read the allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. *Freeman v. Sec'y, Dept. of Corrs.*, 679 F. App'x 982, 982 (11th Cir. 2017) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015); *Bingham*, 654 F.3d at 1175 (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a section 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401

(11th Cir. 1986) (citation omitted); *Porter v. White*, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Pursuant to the Court's screening obligation and considering Plaintiff's requests to amend his pleading (*see* Docs. 3, 5), the Court will direct Plaintiff to file a second amended complaint if he wishes to proceed with this action. By granting Plaintiff's Motion to Amend (Doc. 3), the Court accepts Plaintiff's Amended Complaint (Doc. 3-1) as the operative pleading. Through his Miscellaneous Motion (Doc. 5), however, Plaintiff seeks to further amend his pleading not only to update Officer G. Hannon's name (previously identified as "Officer G. Hammon"), but also to add Warren S. Swan as a party Defendant without explaining his role in this case. (*Id.* at 2). Moreover, Plaintiff's Amended Complaint does not explain the role of each Defendant in the alleged constitutional violations. If Plaintiff wishes to proceed with this action, he must give Defendants an adequate notice of the claims against them by explaining what each individual did or failed to do as part of the alleged constitutional deprivations.[3] Plaintiff is also cautioned that he should not bring unrelated claims against different Defendants from different institutions and

---

[3] To the extent Plaintiff alleges Defendants acted negligently, the law is well-settled that the Constitution is not implicated by a defendant's negligent acts. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

time periods unless he complies with Federal Rule of Civil Procedure 20. *See* Fed. R. Civ. P. 20(a)(2) (stating that a complaint may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action").

In addition, to the extent Plaintiff intends to raise official-capacity claims against Defendants, he should know that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S 658, 690 n.55 (1978)); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Thus, a suit against the FDOC Defendants in their official capacities is equivalent to suing the FDOC itself, but the FDOC is not a "person" within the meaning of § 1983.[4] *Gardner v. Riska*, 444 F. App'x 353, 355 (11th Cir. 2011). Moreover, the FDOC is immune from § 1983 liability for damages. *Zatler*, 802 F.2d at

---

[4] Similarly, an official-capacity suit against Aramark employees is equivalent to suing Aramark itself. *See Macaya v. Aramark, Inc.*, No. 21-10052-CV-MARTINEZ, 2021 WL 3742799, at *6 (S.D. Fla. July 27, 2021), *rep. & recommendation adopted*, 2021 WL 3741716 (S.D. Fla. Aug. 24, 2021).[FN*]

    [FN*] Although decisions of other district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

400. Although injunctive relief may be available against the FDOC, *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986), Plaintiff must plausibly allege that a policy, custom, or practice of the FDOC was the moving force behind his alleged constitutional violations. *See Graham*, 473 U.S. at 166 ("[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law." (internal quotation marks and citations omitted)); *Monell*, 436 U.S. at 693–94 (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation). Plaintiff is also advised that supervisory liability has been rejected as a theory of recovery under 42 U.S.C. § 1983. Although personal participation is not specifically required for liability under § 1983, there must be a causal connection between the defendant named and the injury sustained.

If, after reviewing this Order, Plaintiff decides to proceed with this case, he must file a second amended complaint that complies with the following requirements:

    1.    The pleading must be marked, "Second Amended Complaint."

2. The pleading must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation.

3. The pleading must legibly state the full names of each defendant (to the extent Plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The pleading must include current addresses for each defendant.

5. In section IV, "Statement of Claim," there must be a clear description of how *each* defendant was involved in the alleged violation(s). Plaintiff should concentrate his efforts on factually describing the actions or inactions of the named defendants which resulted in an alleged violation of his federally protected rights. Vague and conclusory statements are insufficient. Additionally, while background information may be helpful, Plaintiff should focus his factual allegations solely on the actions or inactions of the named Defendants. Dairy-like allegations are unhelpful and confuse the issues. The allegations must be stated in numbered paragraphs, each limited to a single set of circumstances.

6. The claims raised in the second amended complaint must be related, meaning the claims must arise from the same basic issue or incident. Plaintiff must choose one or more related claims to raise in the second amended complaint; any unrelated claims must be raised in a separate lawsuit.

7. In section V, "Injuries," there must be a statement concerning how each defendant's action or omission injured Plaintiff.

8. In section VI, "Relief," there must be a statement of what Plaintiff seeks through this action.

9. In section VII, "Exhaustion," Plaintiff must explain the steps he took to exhaust each claim.

9

10. The second amended complaint must be complete, including all related claims Plaintiff wishes to raise, and must not refer back to his prior complaints.

Plaintiff is further advised that a district court may dismiss a case when a prisoner misrepresents his litigation history. *See, e.g.*, *Jenkins v. Hutcheson*, 708 F. App'x 647, 648, 649 (11th Cir. 2018) (finding "the district court was entitled to dismiss [a plaintiff's] complaint based on his failure to fully disclose his litigation history," even where the plaintiff's conduct was unintentional). Plaintiff must list every lawsuit he has filed in state or federal court dealing with the same facts involved in this case or otherwise relating to the conditions of his imprisonment. Failure to do so may result in the dismissal of this case for abuse of the judicial process.

Plaintiff must ensure that his handwriting is clear and readable. He must sign and date the second amended complaint after the following statement on the form:

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the second amended complaint, Plaintiff must ensure his assertions are truthful and he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but instead must truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

The second amended complaint will supersede all prior complaints and will become the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, Plaintiff's second amended complaint must be complete, including all related claims he wishes to raise, and must not refer to the prior complaints.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.     Plaintiff's Motion to Amend (Doc. 3) is **GRANTED** as stated in this Order.

2.     Plaintiff's Miscellaneous Motion (Doc. 5) is **GRANTED** only to the extent the docket shall reflect Plaintiff's updated address and Officer G. Hannon's proper name, and **DENIED** to the extent it seeks discovery prematurely, it seeks to file any document under seal without complying with the Court's Local Rules, and it seeks to add Warren S. Swan as a party Defendant in the Amended Complaint. Plaintiff may include Warren S. Swan

in the second amended complaint if Plaintiff complies with the directives of this Order.

3.      The Complaint (Doc. 1) and the Amended Complaint (Doc. 3-1) are **DISMISSED without prejudice**. If Plaintiff wants to proceed with this action, he must file a second amended complaint that complies with the directives of this Order and all applicable rules and law **within thirty days** of the date of this Order. If Plaintiff does not timely file a second amended complaint, this case may be dismissed without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of May, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Samuel Jerome Lewis, #G91625

12