UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL JEROME LEWIS,

Plaintiff,

v. Case No. 3:25-cv-1517-JEP-PDB

CAPTAIN CUMACHO, et al.,

Defendants.

---

**ORDER**

Plaintiff Samuel Jerome Lewis, an inmate of the Florida Department of Corrections ("**FDOC**"), initiated this action by filing a pro se Complaint for Violation of Civil Rights (Doc. 1), which was superseded by his Amended Complaint (Doc. 3-1). On May 4, 2026, the Court entered an Order directing Plaintiff to file a second amended complaint, because the Amended Complaint: (1) did not give Defendants an adequate notice of the claims because it did not explain the role of each Defendant in the alleged constitutional violations; (2) seemed to bring unrelated claims against different Defendants from different institutions and time periods; and (3) raised duplicative official-capacity claims and improper individual-capacity claims premised on supervisory liability. (Doc. 9). After several extensions of time, on August 5, 2026, Plaintiff filed the Second Amended Complaint ("**SAC**"; Doc. 22), in which he sues the same

Defendants[1] as in the Amended Complaint, plus Warden S. Swan. (*See id.*). Upon review of the SAC, the Court will dismiss this case without prejudice for Plaintiff's failure to substantively comply with the Court's Order (Doc. 9).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court has discretion to dismiss a case for a plaintiff's failure to comply with court rules or a court order. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). For instance, when a pro se plaintiff fails to comply with a court's order to submit a proper complaint, the court may sua sponte dismiss the case under Rule 41(b). *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771–72 (11th Cir. 2020) (unpublished but persuasive) (recognizing that a district court does not abuse its discretion for dismissing a complaint "on shotgun-pleading grounds," even if the plaintiff "potentially state[s] a prima facie claim," when the plaintiff has been forewarned about federal pleading requirements and afforded an opportunity

[1] The following Defendants, in their individual and official capacities, were named in the Amended Complaint: (1) Captain Cumacho; (2) Captain Minnich; (3) Sergeant J. Trowell; (4) Officer J. Reyes; (5) Officer D. Martin; (6) Officer A. Ross; (7) Officer Z. Blanton; (8) Officer G. Hannon; (9) Officer B. Meads; (10) Officer A.M. Knuckles; (11) Mrs. Reed (kitchen staff – Aramark); (12) Mr. Roslyn (kitchen staff – Aramark); (13) Officer C. Daugthry; (14) Officer K. Mathis; (15) Officer R. Stevens; (16) Officer M. Norris; (17) Officer G. Harris; (18) Officer W. Butler; and (19) Officer T. Anderson. (Doc. 3-1 at 2–4). These same Defendants, plus Warden Swan, are included in the SAC. (*See* Doc. 22 at 2–3, 11).

to comply with those); *see also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914–15 (11th Cir. 2018) (unpublished but persuasive) (affirming the dismissal of the case without prejudice for pro se plaintiff's failure to comply with the court's order to amend, which "clearly instructed [him] what to do and what was expected of him"); *Powell v. Harris*, 628 F. App'x 679, 680 (11th Cir. 2015) (unpublished but persuasive) (holding the district court did not abuse its discretion by dismissing the case without prejudice for pro se plaintiff's noncompliance with the court's instructions to file a proper complaint after twice advising him how to cure the deficiencies).

Plaintiff has not substantively complied with the Court's Order directing him to file a SAC that satisfies federal pleading standards. For example, Plaintiff continues to sue Defendants in their official capacities, despite the Court's warning that such claims are equivalent to suing the FDOC itself, but the FDOC is immune from § 1983 liability for damages. (*See* Doc. 9 at 7–8; Doc. 22 at 2–3). Additionally, despite the Court's warning that supervisory liability has been rejected as a theory of recovery under § 1983, Plaintiff continues to sue Defendants, such as Warden Swan, Captain Cumacho, and Captain Minnich, based on their supervisory roles without establishing a causal connection between them and his injury. (*See* Doc. 9 at 8; Doc. 22 at 8).[2]

[2] In addition, it appears that Plaintiff continues to assert claims against different Defendants from different institutions and time periods, despite the Court's

Moreover, despite the Court's warning that the Constitution is not implicated by a defendant's negligent acts, Plaintiff continues to assert claims that sound merely in negligence. (*See* Doc. 9 at 6 n.3; Doc. 22 at 8–12). Plaintiff essentially alleges that Defendants failed to verify his no-soy food trays and thereby violated the Allergy Health and Food Awareness Policy.[3] (Doc. 22 at 3–4, 8–13). However, a violation of a policy, alone, is insufficient to state a claim. *See Sandin v. Conner*, 515 U.S. 472, 481–82 (1995) (recognizing that prison regulations are "not designed to confer rights on inmates"); *see also Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000) ("[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence."). Thus, construing Plaintiff's allegations liberally, the claims raised in the SAC are either inadequately pled or not actionable under § 1983.[4] Even if there were some potentially viable

---

warning that he must show the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." (Doc. 9 at 6–7 (citing Fed. R. Civ. P. 20(a)(2)); Doc. 22 at 4–5, 15–16).

[3] Plaintiff seems to allege that Defendants, such as Sergeant Trowell, Officer Reyes, Officer Ross, Officer Blanton, Officer Meads, Officer Kuckles, Officer Mathis, Officer Daugthry, Officer Stevens, Officer Anderson, Ms. Reed, Ms. Roslyn, and Sergeant Hannon, were negligent for failing to verify his food trays; Defendants, such as Officer Butler and Ms. Roslyn, violated the policy; and Defendants, such as Officer Norris and Officer Harris, did not commit any cognizable violations. (Doc. 22 at 3–4, 8–13).

[4] To the extent Plaintiff alleges medical deliberate indifference claims against unidentified "prison medical staff" for "continuously and constantly" stopping or

claims in the SAC, the Court would not expend scarce judicial resources to sift through Plaintiff's allegations to separate potentially viable claims from unmeritorious ones. *Barmapov v. Amuial*, 986 F.3d 1321, 1328 (11th Cir. 2021) (Tjoflat, J., concurring). As such, the Court will dismiss Plaintiff's SAC without prejudice. Plaintiff may pursue any plausible, cognizable claims by initiating a new civil rights action.[5]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of September, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-11
c:
Samuel Jerome Lewis, #G91625

---

delaying his treatment, thereby aggravating his chronic allergy symptoms, such claims are insufficiently pled. (Doc. 22 at 13).

[5] To the extent Plaintiff alleges claims that arose on or after August 12, 2025 (*see* Doc. 22 at 6, 13), the applicable four-year statute of limitations has not expired. *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).